IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN WESLEY PARHAM, JR., #86003-020                                          PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:08cv273-DCB-MTP

UNITED STATES OF AMERICA, et al.                                              RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Parham, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed on September 2, 2008, this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] On September 18, 2008, he filed an amended petition [5]. Upon review of the petition [1] and amended petition [5] filed, the court has reached the following conclusion.

Petitioner was found guilty by a jury of aiding and abetting to possess with intent to distribute cocaine base in the United States District Court for the Middle District of Georgia.[2] Petitioner was sentenced on November 17, 1995, to serve 293 months in the custody of the Bureau of Prisons followed by five years supervised release. On March 27, 1997,  the United

---

[1] As stated by the petitioner in his petition [1] and amended petition [5], he previously filed a request for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this court in Parham v. United States, et al., 5:08cv166-DCB-MTP, which was dismissed on May 22, 2008. The ground raised by the petitioner in his previously filed habeas petition was the following:  Whether the failure to grant Petitioner Parham an opportunity to be heard violates the United States Constitution?

[2] According to the docket entries in the petitioner's federal criminal case in the United States District Court for the Middle District of Georgia,  see U.S. Courts PACER Service, the petitioner was appointed an attorney to represent him concerning the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(a)(1) and (c) by order [127] filed April 4, 2008. See U.S. v. Parham, 5:95cr3-001, (M.D. GA. Nov. 29, 1995). Moreover, the attorney for the petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 [129] on August 19, 2008. The government filed its Response [130] on September 10, 2008, and the attorney for the petitioner filed a Reply to the Response [131] on September 22, 2008.

States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment.  The petitioner then filed on January 25, 2001, a motion to vacate pursuant to 28 U.S.C. § 2255 with the United States District Court for the Middle District of Georgia which was summarily dismissed.  The United States Court of Appeals for the Eleventh Circuit denied his certificate of appealability on September 13, 2001 and November 27, 2001, respectively.  According to the petitioner, he has filed numerous motions to reconsider, a Motion for Relief from Judgement and a series of applications for authorization to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255.  All were denied.  The petitioner claims in the instant petition for habeas relief that "[a] motion under Section 2255 of Title 28, U.S.C., is inadequate and ineffective to test the legality of petitioner Parham's detention, because it deprives him of a forum to develop the facts of his new evidence thus obstructing his ability to meet his burden of making a prima facie showing that he satisfies either of the two conditions to file a second or successive motion under that section." Pet. [1] p.2.

In the instant petition [1] for habeas relief and amended petition [5] for habeas relief, Petitioner raises the following grounds for relief:

> Ground 1: Whether the Government's failure to produce for inspection by the defense the log of the state police radio communication related to the traffic stop of the automobile resulted in a failure to disclose impeachment evidence to Petitioner Parham's defense in violation of the United States Constitution?
>
> Ground 2: Whether the Government's failure to produce for inspection by the defense the state police records and reports related to the arrests of the defendants resulted in a failure to disclose impeachment evidence to Petitioner Parham's defense in violation of the United States Constitution.
>
> Ground 3: Whether the Government's failure to produce for inspection by the defense demonstrative evidence related to the scene of arrests resulted in a failure to disclose exculpatory evidence to Petitioner Parham's defense in violation of the United States Constitution?

Ground 4: Whether the Government's failure to permit certain segments of the videotape of traffic stop/arrests from being viewed at trial resulted in a failure to disclose exculpatory evidence to Petitioner Parham's defense in violation of the United States Constitution?

Ground 5: Whether counsel's failure to interview and call a law enforcement official as a defense witness at trial resulted in a violation of the United States Constitution?

Ground 6: Whether under the United States Constitution "in Petitioner Parham's case" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration?"

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Notwithstanding the petitioner's arguments upon which he requests habeas relief, this court does not have jurisdiction to address the issues presented by petitioner. Therefore, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the

so-called § 2255 'savings clause,'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3]

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This court finds that the petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 is not persuasive. To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime.

---

[3] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001).  The petitioner failed to cite any case law decided by the United States Supreme Court which has been applied retroactively.  Finally, violations of the statues for which the petitioner was found guilty, aiding and abetting to possess with intent to distribute cocaine base, was a crime at the time of his conviction, and it continues to be a crime today.  Clearly, the petitioner was not convicted of a nonexistent crime.  See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena).  Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena.  Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'"  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).  Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective.  Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876,

878 (5th Cir. 2000)).  Therefore, since the petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

For the reasons discussed in this Memorandum Opinion, this Court finds that it is without jurisdiction to consider this § 2241 petition.  Accordingly, this case is dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.  See <u>Ojo v. Immigration and Naturalization Service</u>,106 F.3d 680, 683 (5th Cir.1997).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   27th    day of     October    , 2008.


                                  s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE